IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| JOSHUA MUHAMMAD | ) | |
| | ) | CIVIL ACTION NO. 3:04-CV-351 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | PROTECTIVE ORDER |
| U-HAUL COMPANY OF NORTH | ) | |
| CAROLINA, d/b/a U-HAUL CO. OF | ) | |
| CHARLOTTE AND U-HAUL | ) | |
| INTERNATIONAL, | ) | |
| | ) | |
| Defendants. | ) | |

This Protective Order is hereby issued to facilitate the exchange of materials during discovery, aid the prompt resolution of discovery disputes and disputes concerning confidentiality, and protect certain materials designated as "Confidential" pursuant to this Order.

**IT IS HEREBY ORDERED THAT:**

1.  General Scope. This Protective Order shall govern certain documents and other material produced in response to any discovery request or other request for information by Plaintiff and Defendants in this action, all information contained therein, and all copies, excerpts or summaries thereof, specifically including, but not limited to, answers to requests for admissions, answers to interrogatories, responses to requests for production of documents and documents produced in accordance therewith, documents subpoenaed in connection with depositions and any deposition transcript or portion thereof as to which protection is sought in accordance with this Agreement. The following documents and/or information may be

designated as "Confidential" pursuant to this Order: (a) medical records or other health-related information; (b) private personal information, including but not limited to: Social Security numbers, tax information, personnel records, and health insurance information; and (c) confidential proprietary business information, including but not limited to, operating procedures, income tax returns, balance sheets, and profit and loss statements.

2. <u>Designation as Confidential.</u> Any party producing or furnishing information of any nature to another party, to the Court, or at a deposition in connection with this litigation, may designate as "Confidential," in accordance with the procedures set forth herein, any such information, document or part thereof, interrogatory answer, response to request for admissions, deposition testimony, excerpts and summaries of such information, or other materials as set forth in Paragraph 1 of this Agreement. Such designation shall be made at the time the information is produced or furnished, or at a later time as provided herein.

3. <u>Procedure for Designating Information as Confidential.</u> Parties may designate confidential materials in the following manner:

(a) In the case of documents or other written materials, by affixing to each page of every such document, at the time of production, the word "Confidential" by stamp or other method which will make the word conspicuous;

(b) In the case of answers to interrogatories, designation shall be made by placing the word "Confidential" adjacent to or at the end of any answer deemed to contain confidential information. Alternately, answers deemed to contain

confidential information may be bound separately and marked with the word "Confidential";

(c)  In the case of depositions or other pretrial testimony in this action by the parties or any of their officers or employees, by a statement to that effect on the record by counsel for the party who claims that confidential material is about to be or has been disclosed. Unless the parties intend to designate all of the information contained within a particular document or deposition testimony as confidential material, counsel for that party should indicate in a clear fashion the portion of the document or testimony which is intended to be designated as confidential.

4.  Restricted Use of Information.

(a)  Documents/information designated as "Confidential" pursuant to paragraphs 1 and 2 of this Order shall be used solely for the purposes of this action and shall not be disclosed to any person except the following individuals:

    (i)  the Court (including the Clerk's office, stenographic reporters and videographers, engaged in such proceedings as are necessary to the preparation for trial and trial of this action);

    (ii)  counsel for the parties, their staff members, their professional and para-professional employees;

    (iii)  any experts or service contractors (i.e., court reporters or outside photocopying or imaging services) associated by the parties regarding this action;

    (iv)    the parties, including officers or managers of a corporate party who have a need to know the information for purposes of this litigation; or

    (v)    by mutual consent.

(b)    Documents produced pursuant to this Order shall not be used for any purpose other than as evidence in this litigation and may not be disclosed under any circumstances to anyone not connected with this action as a party, witness, counsel, consultant, staff person or court personnel. Specifically, use of confidential material during the trial of this action or in any hearing in connection with the disposition of this matter by any party shall in no way permit the use of such material for or in connection with any other lawsuit, action, hearing or proceeding, without further order of the Court, express agreement by both parties, or pursuant to a subpoena.

5.    <u>Acknowledgment of Agreement</u>. All persons to whom confidential material is disclosed pursuant to paragraph 4 of this Order shall be bound by this Order. It shall be the responsibility of counsel for each party to this action to insure that persons authorized to receive confidential material pursuant to paragraph 4 of this Order have knowledge of the terms of this Order and agree to be bound by them. Any persons breaching the provisions of this Order are subject to the contempt powers of this Court.

6.    <u>Inadvertent Disclosure.</u> In the event a party inadvertently produces materials which should have been, but were not, marked "Confidential," the party may designate such materials as "Confidential" by notifying counsel of the error and producing the documents

again, with the "Confidential" designation, prior to the expiration of the discovery deadline set by the Court. The parties will then treat these documents as if they had been marked "Confidential" when they were first produced.

7. <u>Use of Confidential Materials in this Case.</u> Nothing in this Agreement shall prevent or impair the use by a party of confidential materials as set forth in paragraphs 1 and 2 of this Agreement in proceedings in this litigation, including motion papers, affidavits, briefs, other papers and depositions filed with the Court or at any deposition, or hearing, conference, or trial before the Court so long as confidentiality of such information is protected as provided herein. To the extent any material designated as Confidential is filed with the Court, counsel agree to have the confidential material placed under seal in accordance with Local Rule 5.1(D)(3).

8. <u>Challenging Confidentiality.</u> Acceptance by a party of any information, document or thing identified as "Confidential" pursuant to this Order shall not constitute a concession that the information, document or thing has been properly designated as "Confidential" pursuant to this Order. Counsel for the parties shall serve written notice of any objections to specific designations upon the other party within twenty (20) days of receipt of such information, documents or things. Counsel shall first attempt to resolve any disputes of confidentiality between themselves. If counsel are unable to agree on any such issue, counsel seeking protection of a document must bring the issue before the Court within twenty (20) days of receipt of any written notice of any objections. No disclosure of such information shall occur pending resolution of any dispute under this paragraph.

9. <u>Right to Object.</u> Notwithstanding the foregoing provisions, this Order shall not prejudice the right of any party to object to discovery on other grounds. Any party may, upon reasonable notice to the opposing party's counsel, move for an order relieving it of the provisions of this Order for good cause shown. All parties retain the right to apply to the Court for an order affording additional protection to material designated as Confidential as the circumstances may warrant. Nothing contained herein shall prevent a party from seeking modifications to this Order.

10. <u>Return of Confidential Information.</u> All material designated as Confidential shall be returned to the producing party within ninety (90) days of the conclusion of this lawsuit, including conclusion of any appeal.

11. <u>Protection of Copies.</u> All copies, extracts or summaries prepared from material designated as Confidential and produced hereunder shall be subject to the same terms of this Order as the material from which such copies, extracts or summaries were prepared.

**IT IS SO ORDERED.**

Dated this 30th day of November, 2005.

_____
United States Magistrate Judge